UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DUMMUZI C. DUHANEY,

                      Plaintiff,

       -against-

TRANSUNION, LLC *et al.*,

                      Defendants.
-------------------------------------------------------------X

**ORDER**

23-CV-04066 (NJC) (JMW)

**A P P E A R A N C E S:**

Tamir Saland, Esq.
**Stein Saks**
One University Plaza, Ste. 620
Hackensack, NJ 07601
*Attorney for all Plaintiff*

Boris Brownstein, Esq.
**Clark Hill PLC**
210 Carnegie Center, Suite 102
Princeton, NJ 08540
*Attorney for Defendant Equifax Information Services, LLC*

Brian Alexander Turetsky, Esq.
Gerard Belfort, Esq.
**Ballard Spahr LLP**
1675 Broadway, 19th Floor
New York, NY 10019
*Attorneys for Defendant Capital One, N.A.*

**WICKS,** Magistrate Judge:

      Plaintiff, Dummuzi Duhaney, commenced this suit against Defendants TransUnion, LLC, Equifax Information Services, LLC, Experian Information Solutions, Inc., and Capital One, N.A.

alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*[1] Plaintiff alleges that Defendants created an erroneous credit report marking him as making a late payment despite his having sufficient funds in his bank account. (ECF No. 1.) He states that Capital One in particular "failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on Plaintiff's consumer reports with respect to the disputed Account." (*Id.* ¶ 54.) He claims that as a result of the inaccurate report, he was denied loans from various agencies. (*Id.* ¶¶ 58-59, 62.) Now, before the Court is Plaintiff's motion to compel Defendant Capital One's policies and procedures regarding how to conduct an investigation upon receiving a consumer dispute. (ECF No. 40.) Defendant opposes, arguing that the information is irrelevant, unproportional and unnecessary for the present claims and defenses.[2] (ECF No. 41.) For the reasons that follow, Plaintiff's motion is granted subject to the parties providing a stipulated confidentiality order of the requested documents.

## **LEGAL STANDARD**

Pursuant to Fed. R. Civ. P. 26,

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

---

[1] Plaintiff settled with Experian on August 1, 2023 (ECF No. 24) and with TransUnion on September 5, 2023 (ECF No. 30.) Therefore, the only remaining Defendants are Equifax and Capital One.

[2] Defendant notes that many of Plaintiff's requests in his motion have since been resolved and the only remaining issue is the request to compel policies and procedures. (ECF No. 41.) As such, Plaintiff's requests for those materials are now deemed moot.

Information "is relevant if: '(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.'" *Vaigasi v. Solow Mgmt. Corp.*, No. 11-CV-5088, 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016) (quoting Fed. R. Evid. 401). Moreover, "[t]he party seeking the discovery must make a *prima facie* showing that the discovery sought is more than merely a fishing expedition." *Evans v. Calise*, No. 92-CV-8430, 1994 WL 185696, at *1 (S.D.N.Y. May 12, 1994); *see also Mandell v. The Maxon Co., Inc.*, No. 06-CV-460, 2007 WL 3022552, at *1 (S.D.N.Y. Oct. 16, 2007) ("[T]he party seeking discovery bears the burden of initially showing relevance."). To that end, the discovery sought by the parties must be, as stated by Rule 26, proportional to the needs of the case, taking into consideration such aspects as the importance of the issues, the amount in controversy, the parties' resources and access to the information sought, and the importance of the information sought to the asserted claims or defenses. *Sibley v. Choice Hotels Int'l*, No. 14-CV-634 (JS) (AYS), 2015 WL 9413101, at *2–3 (E.D.N.Y. Dec. 22, 2015).

Since December of 2015, "Rule 26 has defined the scope of discovery to consist of information that is relevant to the parties' 'claims and defenses.'" *Pothen v. Stony Brook Univ.*, No. 13-CV-6170 (JFB) (AYS), 2017 WL 1025856, at *2 (E.D.N.Y. Mar. 15, 2017). "Thus, the discretionary authority to allow discovery of 'any matter relevant to the subject matter involved in the action' has been eliminated," and permissible discovery under Rule 26 must be relevant "to any party's claim or defense," and that means "proportional to the needs of the case." *Id.* at *3 (citing Fed. R. Civ. P. 26(b)(1)). Proportionality goes "hand-in-hand" with relevance. *New Falls Corp. v. Soni*, No. 16-CV-6805 (ADS) (AKT), 2020 WL 2836787, at *2 (E.D.N.Y. May 29, 2020). That is, the more relevant the information sought is, the less likely the Court would find the subject discovery disproportionate. *Id.*

3

"Motions to compel are left to the court's sound discretion." *Mirra v. Jordan*, No. 13-CV-5519, 2016 WL 889683, at *2 (S.D.N.Y. Feb. 23, 2016); *see also Liberty Mut. Ins. Co. v. Kohler Co.*, No. 08-CV-867, 2010 WL 1930270, at *2 (E.D.N.Y. May 11, 2010) ("[A] motion to compel is entrusted to the sound discretion of the district court."). It is with these guideposts in mind that the Court considers the present motion.

## DISCUSSION

Plaintiff requests Capital One's policies and procedures regarding how Capital One conducts investigations once it receives a consumer dispute regarding inaccurate or misleading credit reporting. (ECF No. 40.) Capital One initially objected to this demand, arguing that Capital One does not normally produce its procedures because the information is proprietary; the documents would not provide any value to Plaintiff; and it would be burdensome to produce. (*Id.*) Plaintiff suggested providing a confidentiality order to avoid these issues. (*Id.*)

In turn, Capital One states that a protective order is already in place and that the documents are irrelevant to the issue of whether Capital One's reporting is accurate and is disproportionate to the claims and defenses at play. (ECF No. 41.) It states that it provided its investigative steps to Plaintiff and that its policies and procedures are unnecessary to what *did* occur. (*Id.*)

The FCRA requires that if once a consumer dispute is received, there must be an investigation with respect to the disputed information as well as a review of all relevant information. 15 U.S.C. § 1681s-2 (a)(8)(E)(i-ii). Further, if the investigation reveals that the information reported to the consumer reporting agency was inaccurate, the investigating person must make the necessary corrections. 15 U.S.C. § 1681s-2 (a)(8)(E)(iv).

Under the circumstances presented, the document request is both relevant and proportional to this case. Specifically, in his Complaint, Plaintiff alleges willful violation of the FCRA against Capital One because it "fail[ed] to fully and properly investigate" Plaintiff's dispute and failed "to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies." (ECF No. 1 ¶ 89.) Capital One argues that it provided Plaintiff with what *did* occur and that the policies and procedures are thus unnecessary. However, this makes the policies and procedures that much more relevant because they may explain or reveal a misstep by Capital One in investigating Plaintiff's claim. That is, "the existence of reasonable policies and procedures tends to make it more likely [that Defendant] reasonably reinvestigated Plaintiff's consumer file; conversely, the existence of unreasonable policies and procedures tends to make it less likely [that Defendant] reasonably reinvestigated Plaintiff's consumer file." *Walters v. Certegy Check Servs*., No. 17-CV-1100-SS, 2019 U.S. Dist. LEXIS 22812, at *3 (W.D. Tx. Feb. 12, 2019) (granting production of policies related to investigations of disputed information discoverable where Plaintiff's FCRA claim "allege[d that] Certegy failed to conduct a reasonable reinvestigation of his consumer file."); *see also Garner v. Target Nat'l Bank,* No. 05-cv-5057, 2005 U.S. Dist. LEXIS 58228, at *5 (W.D. Ark. Nov. 9, 2005). ("[T]he content of defendant's policies and procedures… is 'reasonably calculated to lead to the discovery of admissible evidence'…. If it can be shown that defendant failed to follow its own policies and procedures in the investigation…that fact would certainly bear on the issue of willfulness.")

The documents are also not unduly burdensome or overbroad. Defendant has not demonstrated that obtaining the documents would be a heavy lift, *i.e.,* whether or not they have to submit thousands of files to Plaintiff or whether it will take hours to search for such a

5

document. (*See generally* ECF No. 41.) Rather, this request is for policies and procedures narrowly tailored to Plaintiff's claim about Capital One's investigation and does not broadly request *all* credit reporting procedures. *Cf. Sterling v. Experian Credit*, No. 19-cv-02993, 2021 U.S. Dist. LEXIS 47584, at *5-6 (N.D. Ohio Mar. 15, 2021) (agreeing with defendant that the request for all credit reporting policies and procedures is irrelevant and would be overly burdensome and narrowing production to credit score calculations only); *Walters,* 2019 U.S. Dist. LEXIS 22812 at *3 (denying the request for all materials relating to FCRA compliance generally since the complaint only involved a single section of the FCRA).

Notwithstanding the fact that Capital One must produce these policies and procedures, the Court also considers Defendant's claim that the information is proprietary. Fed. R. Civ. P. 26(c)(1) states that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

Defendant avers that the documents are "proprietary," but without any further explanation. However, the Court does consider the requested documents as that type of document proprietary to a business and therefore at this juncture should be protected from dissemination. *See, e.g., Liyan He v. Cigna Life Ins. Co. of N.Y.*, No. 14-cv- 2180 (AT) (GWG), 2015 U.S. Dist. LEXIS 89103, at *14 (S.D.N.Y. July 8, 2015) (protective order from disseminating Cigna's policies and procedures so that the material could be used only for the litigation). Thus, a confidentiality order for these documents is warranted here.

**CONCLUSION**

For the reasons stated above, Plaintiff's motion to compel the relevant policies and procedures is granted (ECF No. 40) subject to the parties' submission of a proposed confidentiality order for the undersigned's review and approval. Accordingly, the parties shall meet and confer and file on ECF a proposed confidentiality order on or before January 15, 2024.

Dated: Central Islip, New York
       January 8, 2024

S O   O R D E R E D:

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge